[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Drucker, commenced this action against the defendants, Corporate Property Management (CPM) and Edward Nardella, seeking to recover damages for his alleged wrongful discharge from his position as an accountant for CPM. Drucker alleges that he was discharged from his position because he refused to falsify CPM's accounting records at the direction of Nardella to avoid sales tax liability to CPM. He alleges that his dismissal constituted a discharge in violation of public policy, a cause of action which was recognized by the Supreme Court inSheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,427 A.2d 385 (1986). The defendants denied Drucker's allegations, arguing that he was discharged for poor work performance.
The case was tried before an attorney trial referee (ATR) who filed her report with the court on June 19, 1996. The ATR found the following relevant facts. Drucker was hired as an accountant for CPM in October, 1985, for an indefinite period. In addition to providing a variety of accounting services, including maintaining financial records, payment of vendor invoices, payroll tax reporting and preparation of billing records, one of Drucker's responsibilities was to implement computer software and hardware to expedite the accounting functions. There were complaints by other CPM employees regarding the length of time it took to implement the hardware and software systems. In addition, one of CPM's clients had complained about tardiness in some of Drucker's reports.
In 1989, a new provision of the tax law required CPM to collect state sales tax on CPM management fees for investor-owned units in its client condominium associations. Drucker accurately prepared sales tax returns for the third and fourth quarters of 1989, but in January or February of 1990, Nardella complained to CT Page 169 Drucker that there was "no good reason to pay all the sales tax to the State of Connecticut." (Report of ATR (hereinafter "Report"), ¶ 39.) "Nardella directed Drucker, in Drucker's words, `to reduce the sales taxes paid to the State,'" which Drucker interpreted to mean that he should misreport the sales tax numbers. (Report, ¶¶ 40, 41.) Drucker thereafter falsely reported CPM's sales tax liability for the first quarter of 1990. (Report, ¶ 44.) Subsequently, Drucker began suffering from anxiety and sleeplessness, requiring medical attention. (Report, ¶ 46, 47.) In April, 1990, when Drucker was instructed to prepare the second quarter sales tax return, "in the same fashion that he had prepared the return for the first quarter," Drucker informed Nardella that he "did not think he could do what was being asked of him." (Report, ¶ 48, 49.) Nardella then told Drucker "there might not be a job for him if he did not repeat his misreporting of sales taxes." (Report, ¶ 50.) Drucker was terminated from CPM in May, 1990.
The ATR noted in her report: "The evidence showed that Drucker filed an accurate tax return for the fourth quarter of 1989. He then filed a false tax return for the first quarter of 1990[,] in that he intentionally omitted sales taxes for the month of February, 1990. Faced with what he perceived as a direction to do the same thing, namely falsify information, Drucker was emotionally torn. He did not prepare the return and was terminated on May 17, 1990." (Report, p. 7.)
Notwithstanding these specific factual findings, the ATR concluded that "[t]he Plaintiff asks the court to make the leap of faith that his discharge was without merit and therefore violative of public policy as set forth in Sheets. Unfortunately, it is reluctant to do so. Rather, the evidence supports the conclusion that the Plaintiff failed to `get the job done,' despite having been requested to do so on numerous occasions. His failure to expeditiously complete the implementation of the software and hardware systems, his failure to reduce the overtime and his careless disregard for accuracy and timeliness [of] the financial reports led to his termination." (Report, pp. 8-9.) The ATR thus recommended that judgment enter for the defendant.
On July 16, 1996, this court approved the factual findings of the ATR but found that her conclusions of law were incorrect. The order stated in part: "The court finds plaintiff's discharge violative of public policy. Judgment in favor of plaintiff." The defendants have now filed a motion for articulation requesting CT Page 170 that the court explain the factual basis for its entry of judgment for the plaintiff notwithstanding the ATR's recommendation that judgment enter for the defendants.
The court has already approved the factual findings of the ATR, including her findings that Nardella instructed Drucker to falsify the sales tax records of CPM in order to avoid tax liability for the company. The court believes that these findings support a cause of action for discharge in violation of public policy as recognized in Sheets v. Teddy's Frosted Foods, supra. Although there had been complaints about Drucker, the short length of time between Drucker's refusal to falsify tax records and his termination lead this court to conclude that Drucker was fired because of his unwillingness to commit tax fraud, and not, as the defendants allege, because of his poor work performance. Accordingly, because of the factual findings of the ATR and this court's application of the law to those facts, the court finds that judgment should enter in favor of the plaintiff.
Grogins, J.